

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**Thomas M. Renn**
Chief Bankruptcy Judge

405 E EIGHTH AVENUE, #2600
EUGENE, OREGON 97401
(541) 431-4050

Jonni R. Paulsen
Judicial Assistant

Catherine E. Jedlicka
Law Clerk

June 2, 2022

*VIA ECF ONLY*

Mr. William M. Parker
Law Offices of William M. Parker, PC
5200 Meadows Rd #150
Lake Oswego, OR 97035

Ms. Melisa Button
Mr. Joseph E. Kellerman
Hornecker Cowling LLP
14 N. Central Ave #104
Medford, OR 97501

Re:     Perlenfein, Inc. v. Brian William Smith; Adv. Proc. No. 21-6003-tmr
        LETTER OPINION[1] on Defendant's Motion to Compel Production

Counsel:

Defendant Brian Smith filed a motion to compel production of documents from
Plaintiff Perlenfein, Inc. Doc. #37. Plaintiff filed a response to the motion. Doc. #38.
With the trial approaching, the parties do not benefit from any delay in a ruling on the
motion. I have reviewed the filings and am prepared to rule.

The motion states that, in his Third Request for Production of Documents,
Defendant seeks two categories of sales reports from 2011-2018 and that Plaintiff has
objected to providing the documents. Defendant claims he needs the reports to challenge
Plaintiff's efforts to prove damages and to prove his assertion that Plaintiff was not
damaged but profited from Defendant's actions.

Plaintiff counters that the sales reports are not relevant, because Plaintiff's
damages are liquidated by the settlement agreement and whether Plaintiff profited from
Defendant's work does not affect the claims in the case.

After reviewing the pleadings in this adversary, I agree with Plaintiff's
interpretation. In the Complaint (Doc. #1), Plaintiff alleged Counts II and III "[i]n the
alternative, if and only if Defendant disputes that the Settlement Agreement is a valid and

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it
may have.

enforceable agreement. . ..” In his Answer (Doc. #5), Defendant admitted “the Settlement Agreement is a valid and enforceable agreement.” Doc. #5, paragraphs 22 and 24. Therefore, Counts II and III do not need to proceed as alternative theories at trial. Any evidence regarding profits is not relevant, and the sales reports from 2011-2018 do not need to be produced.

This is my ruling on the motion to compel. I will enter a separate order denying the motion. The attorneys should discuss how this impacts the issues to be tried and be prepared to discuss these matters at the pretrial conference scheduled for June 16, 2022.

Very truly yours,

THOMAS M. RENN
Chief Bankruptcy Judge

TMR:jrp